EDWARD MINTURN *vs.* WARREN INSURANCE COMPANY.

The owner of a cargo, who has paid the freight in advance to the owners of the vessel, can not recover on a policy of insurance by which prepaid freight is insured.

CONTRACT on a policy of insurance issued by the defendants, which insured the plaintiff, for whom it might concern, " fifteen hundred dollars on prepaid freight on board brig Oriental, at and from New York to San Francisco, with liberty of ports on the route for advice and refreshments. Freight valued at $1500, carried or not carried." The writ also contained a count for money had and received. The following facts were agreed:

Otto W. Pollitz shipped on board the Oriental at New York one hundred and seventy tons of coal, of the value of $1100, on which he prepaid the freight to San Francisco, amounting to $2700, and, prior to the date of the policy, sold the cargo to the plaintiff for $4250, which included the prepaid freight, and assigned to him the bill of lading. The bill of lading provided that the coal was "to be delivered in the like good order and condition at the port of San Francisco, (the dangers of the sea only excepted,) unto order or to assigns, he or they paying freight for the said coal, nothing; sixteen dollars per ton being prepaid in New York." Neither Pollitz nor the plaintiff owned any part of the vessel.

After leaving New York, the vessel suffered injury from the winds and seas, and was compelled to put into Rio Janeiro, where she was surveyed, condemned, and afterwards sold; and the captain was unable to forward the cargo, and it was accordingly sold, under circumstances which would constitute a total loss under a policy on the cargo. The plaintiff duly offered to abandon the prepaid freight to the defendants, but the offer was declined. There was no evidence as to the solvency of the owner of the vessel.

On these facts, judgment was ordered in the superior court for the plaintiff, for the amount of the premium only, and the plaintiff appealed.

*C. P. Curtis, Jr.,* for the plaintiff. The question to be decided is whether, under the phrase "prepaid freight," the amount by which the value of goods is enhanced by the prepayment of their carriage can be the subject of insurance to one who is not the owner of the vessel in which they are carried. The policy should be construed to mean, "goods on board brig Oriental, increased in value by the prepayment of $1500, the cost of transportation." The use of the words "on board" and "carried or not carried" sustains this construction. It is not essential that the policy should show the exact nature of the interest of the assured; it is enough that he has an interest. *Pim* v. *Reid,* 6 Man. & Gr. 1. *Clark* v. *Ocean Ins. Co.* 16 Pick. 291. *Bartlet* v. *Walter,* 13 Mass. 267. The word "freight" has more

than one well established signification. It often means the cargo itself. *Wolcott* v. *Eagle Ins. Co.* 4 Pick. 429. It also means the price paid for transportation, as well as the price received. *Winter* v. *Haldimand,* 2 B. & Ad. 649. A ship-owner may insure under the name of freight the benefit to accrue from the carriage of his own goods in his own ship. 1 Arnould on Ins. 201. *Wolcott* v. *Eagle Ins. Co., ubi supra. Miller* v. *Woodfall,* 8 El. & Bl. 493. *Flint* v. *Flemyng,* 1 B. & Ad. 48. But this interest is independent of the character of such person, as the ship-owner. Any one who has an interest in the safe transportation may insure it in the name of freight. *Wolcott* v. *Eagle Ins. Co., ubi supra.* The defendants say that the sum prepaid for freight can be recovered back from the owner of the vessel; but there is no evidence to prove it, and the burden of proof is on the defendants. *Propeller Niagara* v. *Cordes,* 21 How. (U. S.) 29. *Paddock* v. *Franklin Ins. Co.* 11 Pick. 227. But the plaintiff denies that the right, or even the ability, to recover back this money necessarily affects his insurable interest. The assured in many cases has a double remedy. *Propeller Monticello* v. *Mollison,* 17 How. (U. S.) 152. *King* v. *State Ins. Co.* 7 Cush. 1. *Dobson* v. *Land,* 8 Hare, 216. The case of *Kathman* v. *General Ins. Co.* 12 Louisiana Ann. R. 35, is precisely in point.

*G. S. Hillard & F. W. Palfrey,* for the defendants. As a general rule, it is the privilege of the owner to insure his freight money, and the charterer or shipper has no insurable interest therein. *Cheriot* v. *Barker,* 2 Johns. 346. *Mellen* v. *National Ins. Co.* 1 Hall, 452. The plaintiff had no interest in the freight money, provided the money was to be repaid if the coal did not arrive. 1 Phil. Ins. § 340. 2 Parsons Mar. Law, 88. *Manfield* v. *Maitland,* 4 B. & Ald. 582. *Wilson* v. *Royal Exch. Ass. Co.* 2 Camp. 623. *Hobbs* v. *Hannam,* 3 Camp. 93. *Sifflin* v. *Allnutt* 1 M. & S. 39. It is conceded that the plaintiff has a right to recover the prepaid freight from the ship-owner; and his solvency, if open for consideration, is to be presumed. *Bank of U. S.* v. *Dandridge,* 12 Wheat. 69. By the form of the policy, the plaintiff is precluded from alleging that the subject of insurance was the value of the coal shipped, enhanced by the cost of

transportation. *Cheriot* v. *Barker*, 2 Johns. 346. *Winter* v. *Haldimand*, 2 B. & Ad. 649. The words " carried or not carried" mean simply " on board or not on board." *De Longuemere* v. *Phœnix Ins. Co.* 10 Johns. 127.

BIGELOW, C. J. The insuperable difficulty in the way of a recovery by the plaintiff on the policy declared on is that he fails to show that he had any insurable interest in the freight, for the loss of which he seeks to recover in this action. He was not the owner or charterer of the vessel, and had no interest either direct or remote in her earnings. They were not pledged to him as security for the money which he advanced to the owners, nor had he any lien upon them for his reimbursement in case the contract of affreightment was not fulfilled. The money advanced for the carriage of that part of the cargo which belonged to him was not intended as an absolute payment of the freight. By the terms of the bill of lading, the contract was entire, and no freight would be earned unless the coal was carried and delivered at the port of destination. If, for any reason not imputable to the plaintiff, the owner of the vessel failed to deliver the coal according to the terms of the bill of lading, the plaintiff might recover back the sum advanced. *Griggs* v. *Austin*, 3 Pick. 20. *Brown* v. *Harris*, 2 Gray, 359. How then can it be said that he had any interest in the earnings of the vessel ? His right to claim repayment of the owner did not operate as an assignment or pledge of the earnings of the vessel, or give him any lien on them. It was only a personal liability of the owner of the vessel for the amount advanced, dependent on the contingency of the fulfilment of the contract for the carriage of the cargo. If the vessel arrived at her port of destination and delivered the coal, there would be no debt due to the plaintiff; if she failed to arrive, the owner would be indebted for the amount advanced. It was in the nature of a conditional loan. The liability depended on the contingency of the arrival of the vessel and delivery of the cargo. But this liability did not constitute the subject of insurance. It was the freight or earnings of the vessel which the defendants agreed to insure. In these the plaintiff acquired no

8 *

interest by a mere advance of freight money on the credit of the owner. No doubt he had an interest in the performance of the voyage and delivery of the cargo, by which the freight would be earned by the owner. But it was an interest in having his goods placed in a market, where they might bring a price sufficient to cover the sum advanced. This was an interest only in the goods, which might well form a subject of insurance, but not in the earnings of the vessel. And this is the fallacy of the plaintiff's argument. He strives to sustain the position that the interest of the plaintiff in having his goods arrive at San Francisco, increased in value by the cost of transportation, might well be insured as freight. In support of his argument, he says if the freight had been earned he should have sustained no loss, but as it was not earned he has lost this increased value of his goods. This is true, but it does not follow that therefore he had an insurable interest in the freight, *quâ* freight. He might with the same reasoning maintain that under an insurance on the ship he ought to recover for the loss of his anticipated profits on the cargo, because if the vessel had not been lost he would have realized them on her arrival at the port of destination. The difficulty consists in confounding an interest in the successful event of the voyage by reason of having goods on board the vessel, with an interest in the subject covered by the policy. The freight advanced might well have been added to the value of the goods. In them the plaintiff had an interest which he might have protected by insurance on the anticipated value of goods, or as money advanced to the owner on account of freight, or by any other appropriate terms, to indicate the nature of the subject covered by the policy in which he had an interest. But it cannot be included under the term freight. That he did not own ; in no contingency could he be entitled to it, or to any claim or lien on it. As a distinct subject of insurance, he had no interest in it. The objection to the plaintiff's claim does not rest on the ground that he has a remedy against the owner of the vessel for reimbursement. Persons may well protect themselves against loss in cases where they have a valid claim for indemnity against third persons. Insurance against damage

caused by collision at sea, and by a mortgagee of property held as collateral security for a debt, are familiar instances of this class of contracts, the validity of which cannot be doubted. But in all such cases the insured has a direct interest in the subject covered by the policy. This is the essential element which is wanting in the case at bar. The facts agreed by the parties bring it within the principle laid down in the elementary writers and supported by the adjudicated cases, that a mere advance of the freight of goods will not give the party making the advance any insurable interest in the freight so advanced, in case of his having a right to recover it back, if the goods on which the freight is advanced shall not be delivered according to the bills of lading. 1 Phil. Ins. §§ 340, 482. 2 Parsons on Mar. Law, 88.    *Manfield* v. *Maitland*, 4 B. & Ald. 582.    *Wilson* v. *Royal Exch. Ass. Co.* 2 Camp. 623.    *De Silvale* v. *Kendall*, 4 M. & S. 37.    *Winter* v. *Haldimand*, 2 B. & Ad. 649.    *Saunders* v. *Drew*, 3 Ib. 445.

It was urged by the learned counsel for the plaintiff, in his very ingenious and elaborate argument, that the word freight, as used in this policy, is not to be taken in its ordinary and legitimate sense, but that it is to be construed, in connection with the context, as equivalent to the words goods on board. But this seems to us to involve the startling proposition that, under an insurance on freight, the underwriter may be held liable for a loss on cargo. Such a construction would amount to a perversion of terms. The word freight, as used in policies of insurance, has a well settled and distinct meaning. It does not include cargo or goods laden on board. These are insured under the term goods, or cargo, or merchandise, or words of like import. Freight signifies the earnings or profit derived by the ship-owner or the hirer of a ship from the use of it himself, or by letting it to others, or by carrying goods for others. 1 Phil. Ins. §§ 327, 469. 1 Arnould on Ins. 200. It cannot be made to comprehend the profit which the owner of a cargo, having no interest in the vessel or earnings, as such, expects to derive from the transportation of his goods to their port of destination. The defendants have a right to stand on their written contract;

the court must interpret its language according to its legitimate and usual meaning, and cannot change or vary its ordinary signification by evidence of extrinsic facts. These may be resorted to for the purpose of showing that the insured has an interest in the subject insured, but not to show that the subject is different from and other than that which is described by apt words in the policy. Nor is there anything in the words used in connection with the term freight in the written part of the policy which warrants the supposition that it was used in any different sense, or to indicate a different subject of insurance, from that which is usually attached to it in all contracts of insurance. The words " carried or not carried," on which the plaintiff places great stress as qualifying the term freight, have no such meaning as that which he seeks to put on them. They apply only to the valuation of the freight, and may well signify that the insured would be entitled to recover the whole sum insured, although he might not take on board all the goods which would entitle him to the entire amount which had been advanced to him. *De Longuemere* v. *Phœnix Ins. Co.* 10 Johns. 127. *Same* v. *N. Y. Ins. Co.* Ib. 201. They are equivalent to the words " on board or not on board," and do not import that the subject of insurance relates to goods or cargo, and not to freight in the ordinary meaning of that word.

We are therefore of opinion that the plaintiff had no interest in the freight to which the policy could attach ; that the contract did not extend to and cover the increased value which the cargo might have in the port of destination ; and that he can recover in this action only the premium paid by him for the policy.

*Judgment accordingly.*